Graham M. Smith
Wyo. Bar Roll Number: 6-3718
EVANS & CO.
823 E. 4th Avenue
Durango, CO 81301

Attorneys for Plaintiff

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

SEP 30 2010

Stephan Harris, Clerk
Cheyenne

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **EMPLOYERS MUTUAL** | * | |
| **CASUALTY COMPANY,** | * | |
| **an Iowa corporation** | * | **CIVIL ACTION NO.** |
| | * | 10-CV-211J |
| | * | |
| **VERSUS** | * | |
| | * | |
| **PRODUCTION SPECIALTY, INC.,** | * | |
| **a Wyoming corporation;** | * | |
| **and FIELD SERVICES GROUP, LLC.,** | * | |
| **a Wyoming limited liability** | * | |
| **company** | * | |

# COMPLAINT FOR DECLARATORY JUDGMENT
# AND REIMBURSEMENT

Plaintiff, Employers Mutual Casualty Company ("EMC"), by and through its attorneys of record, brings this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, for construction of a commercial general liability policy and a declaration that EMC owes no duty to defend or indemnify defendants, Production Specialty, Inc. ("PSI") or Field Services Group, LLC ("Field"), in regard to claims presently made against defendants and pending in the Underlying Action, as described below.   EMC also seeks affirmative relief in the form of money damages for reimbursement of expenses incurred and paid in defending the Underlying Action.  In support of the claims herein, EMC alleges and avers as follows:

## VENUE AND JURISDICTION

1.  An actual controversy exists between the parties hereto within the meaning of 28 U.S.C. §2201, and this Court is, therefore, vested with the power in the instant action to declare and adjudicate the rights and other legal relationships of the parties in this action with reference to the issues raised by this Complaint.

2.  This Court has original jurisdiction under 28 U.S.C.§ 1332, in that this is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, Seventy-Five Thousand Dollars

($75,000.00 US). This Court also has supplemental jurisdiction over all other claims herein, including claims for money damages, because said claims are so related to claims for declaratory judgment in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue in this judicial district is proper under 28 U.S.C. §1391, subdivision (a)(1), because this is the judicial district in which the defendants reside and all defendants reside in the same state, Wyoming.

## THE PARTIES

4. At all times mentioned herein, EMC was and is an Iowa corporation with its principal place of business in Des Moines, Iowa.

5. At all times mentioned herein, PSI was and is a Wyoming corporation with its principal place of business in Casper, Wyoming.

6. At all times mentioned herein, Field was a Wyoming corporation with its principal place of business in Casper, Wyoming. Field dissolved and became inactive on January 16, 2009.

## THE EMC POLICY

7.  EMC issued commercial general liability insurance policy No. 3D7-49-03

effective for the policy period 8/08/08-8/08/09 to PSI (the "EMC Policy").

Attached hereto as Exhibit 1 and incorporated herein by this reference, is a true and

correct copy of the aforementioned policy.

8.  Subject to the various terms, conditions, exclusions, and other limiting

provisions, the EMC Policy affords liability insurance via a standard form

Commercial General Liability Coverage Form, CG00011204.

9.  The EMC Policy  applies to "bodily injury" or "property damage" only if "The

... 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes

place in the 'coverage territory'." (Section I-Coverages).  Section V- Definitions

states in relevant part:  "Property damage" means:  "Physical injury to tangible

property, including all resulting loss of use of that property."  Further, "bodily

injury" means "bodily injury, sickness or disease sustained by a person, including

death resulting from any of these at any time."  "'Occurrence' means an accident,

including continuous or repeated exposure to substantially the same general harmful

conditions." (See Exhibit 1, CG 0001(12/04), pp. 1, 14).

10.  When the insured is a corporation such as PSI, the EMC Policy includes the corporation's "executive officers" and directors as insureds, "but only with respect to their duties as your officers or directors.  Your stockholders are also insured, but only respect to their liability as stockholders."  PSI's volunteer workers and employees are also insureds under limited circumstances.  (Exhibit 1, CG 0001 (12/04), pp. 8-9).

11. The EMC Policy provides that "No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured."  (Section II- Who is an Insured 3).  Neither Field nor any joint venture is identified as an insured in the EMC Policy.

12. The EMC Policy excludes "Property Damage" to "Property you (PSI) own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property."  The EMC Policy also excludes coverage for "Personal property in the care, custody or control of the insured."  (Exhibit 1, "Exclusions," pp. 2-5; Exhibit 2, "Property Damage," at (j)(1) and (4)).

## THE UNDERLYING ACTION

13.   On June 1, 2009 Daigle's Crane Service, Inc. ("Daigle") initiated civil

proceedings, Civil Action No. 10-18457 in the 38th Judicial District Court for the

State of Louisiana, against PSI, Field, EMC and other defendants for damages

sustained as a result of the loss of Daigle's crane during salvage operations on the

Sabine River in Louisiana.  Daigle alleged that it leased its crane to Field and further

that a Field employee was operating the crane at the time of the loss. Daigle

contends that Field and PSI were negligent in causing the accident and that PSI is

the alter ego of Field and, as such, is responsible for negligent acts of Field.

14.   The suit also claims that PSI was contractually obligated to provide

indemnity and liability insurance for Field.  Plaintiff claims PSI acquired the EMC

Policy to comply with its contractual obligations and had EMC name Field as an

additional insured under said policy.  Attached hereto as Exhibit 3 is a true and

correct copy of the Petition for Damages in Civil Action No. 10-18457.  EMC

respectfully requests that this Court take judicial notice of said petition, the

allegations of which are not admitted.

15.   PSI and EMC filed exceptions to the litigation.  PSI claimed the Louisiana

court lacked personal jurisdiction over it while EMC asserted that it is not subject

to Louisiana's direct action statute if its insured, PSI, cannot be sued.  Following preliminary and limited discovery, PSI and EMC were voluntarily dismissed from the Louisiana litigation by Daigle.  Attached hereto as Exhibit 4 is a true and correct copy of the Motion and Order of Partial Dismissal Without Prejudice dismissing EMC and PSI from the litigation.

16.    On January 6, 2010 the above referenced suit was consolidated with a wrongful death action filed by Adelene Bullard, David S. Bullard and Jason S. Bullard, individually and on behalf of the estate of Thomas David Bullard and arising out of the same crane accident.  Daigle and Crumpler Shipbuilding, Inc. were made defendants in the wrongful death suit which was filed in the 38th Judicial District Court for the state of Louisiana under civil action No. 10-18550.  Attached hereto as Exhibit 5 is a true and correct copy of that petition.  EMC respectfully requests that the court take judicial notice of said petition, the allegations of which are not admitted.    Defendant Daigle has plead in its answer that the death of Bullard was "caused totally and solely by the fault or negligence of ... other third parties..." which third parties presumably will include the PSI and its insurer EMC, as the issues are further joined and developed.  (Exhibit 6, "Answer to Petition for

Damages" filed Oct. 30, 2009, "Seventh Defense," p. 3) (The consolidated action is referred to hereinafter as the "Underlying Action").

17.    On August 13, 2010 Daigle filed a Second Supplemental and Amending Petition in the Louisiana action.  This pleading again asserts a claim against PSI and EMC for damages to the Daigle crane.  Daigle contends that new information gained from recent depositions indicates that PSI was in an unnamed joint venture with Field and another defendant which subjects PSI and therefore its insurer, EMC, to the personal jurisdiction of Louisiana. Attached hereto as Exhibit 7 is a true and correct copy of the Second Supplemental and Amending Petition.

## NO DEFENSE IS OWED BY EMC TO PSI OR FIELD

18.    In response to tender of the Underlying Action by PSI, EMC agreed to defend PSI in the Underlying Action pursuant to the EMC policies and under a reservation of rights, including the right to seek declaratory relief, withdraw from the defense of the Underlying Action, and to seek reimbursement from PSI.  EMC has provided, and continues to provide, PSI with a defense to the claims against it in the Underlying Action.

19.    EMC contends the EMC Policy affords no coverage to PSI and no obligation on the part of EMC to defend or indemnify said defendant under the

EMC Policy for the claims and/or damages alleged against it in the Underlying

Action, for reasons including, but not limited to the following:

    a. There is no coverage for PSI as the alter ego of Field;

    b. There is no coverage for any joint venture;

    c. There is an exclusion for damage to property which PSI rents.

20.    EMC denies any obligation to provide defense or indemnity to Field. EMC

contends that the EMC Policy affords no coverage to Field and no obligation on

the part of EMC to defend or indemnify said defendant under the EMC Policy for

the claims and/or damages alleged against it in the Underlying Action, for reasons

including, but not limited to the following:

    a. Field is not a named insured under the EMC Policy;

    b. Field is not an additional insured under the EMC Policy;

    c. The EMC Policy does not provide coverage for Field as alter ego of PSI;

    d. The EMC Policy does not provide coverage for any joint venture.

### RECOUPMENT

21.    On July 21, 2009 following evaluation of the Petition for Damages, EMC

advised its insured, PSI, that EMC would provide a defense to PSI under a

reservation of rights. EMC notified PSI in the reservation of rights letter, a copy of

which is attached hereto as Exhibit 8, that EMC did not believe there was coverage

under the EMC Policy for claims alleged in the Underlying Action and that EMC

reserved its rights to terminate the defense and to recoup the cost of the defense,

including, but not limited to, attorney fees.

22.    On September 22, 2010 following evaluation of the allegations contained in

the Supplemental and Amending Petition, EMC again notified its insured, PSI, that

a defense would be provided under a reservation of rights.  EMC again advised PSI

that EMC did not believe there was any defense or indemnity owed to PSI under

the EMC Policy and that EMC reserved its rights to terminate the defense and to

recoup the cost of the defense, including but not limited to, attorney fees.  This

second reservation of rights letter is attached hereto as Exhibit 9.

23.    Pursuant to the terms of the EMC Policy, EMC is entitled to a recoupment

of all defense costs, including attorney fees incurred by EMC in the defense of PSI

in the Underlying Action.

24.    Pursuant to both explicit and implied contracts between EMC and PSI, EMC

is entitled to recoup all costs, including, but not limited to attorney's fees incurred

on behalf of PSI in the Underlying Action.

## FIRST CLAIM FOR RELIEF

25.  EMC repeats, re-alleges and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 24 above.

26.  An actual controversy has arisen and presently exists between EMC and defendants, and each of them, concerning their respective rights and obligations under the EMC Policy in that EMC contends that it owes no duty to defend defendants, or any of them, for any claims, damages, and other judicial relief sought in the operative pleadings in the Underlying Action because said claims, damages, and other judicial relief fall outside the scope of the insurance coverage afforded by the EMC Policy; whereas, on information and belief, EMC alleges that defendants, and each of them, disagree with and contest said contentions.

WHEREFORE, EMC prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF

27.  EMC repeats, re-alleges and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 26 above.

28.  An actual controversy has arisen and presently exists between EMC and defendants, and each of them, concerning their respective rights and obligations under the EMC Policy in that EMC contends that it owes no duty to indemnify

defendants, or any of them, for any claims, damages, and other judicial relief sought in the operative pleadings in the Underlying Action because said claims, damages, and other judicial relief fall outside the scope of the insurance coverage afforded by the EMC Policy; whereas, on information and belief, EMC alleges that defendants, and each of them, disagree with and contest said contentions.

WHEREFORE, EMC prays for relief as set forth below.

## THIRD CLAIM FOR RELIEF

29.  EMC repeats, re-alleges and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 28 above.

30.  An actual controversy has arisen and presently exists between EMC and PSI in that EMC alleges that in agreeing to extend a defense to PSI under a reservation of rights, EMC reserved the right to recover an award of money damages in the form of reimbursement for fees and expenses made by EMC in the defense of claims alleged against PSI in the Underlying Action for which no potential coverage existed.  EMC is entitled to reimbursement under the terms of the EMC Policy as well as pursuant to the principles of implied and express contract.

WHEREFORE, EMC prays for relief as set forth below.

## PRAYER FOR RELIEF

Wherefore, EMC prays that judgment be entered against defendants, and each of them, as set forth below:

**On the First Claim for Relief**:

1. A judicial determination of the respective rights and obligations of EMC and defendants, and each of them, under the EMC Policy, including a declaration that EMC's interpretation of said policy is correct in that it owes no duty to defend defendants, or any of them, for any claims, damages, and other judicial relief sought in the operative pleadings in the Underlying Action;

**On the Second Claim for Relief**:

2. A judicial determination of the respective rights and obligations of EMC and defendants, and each of them, under the EMC Policy, including a declaration that EMC owes no duty to indemnify defendants, or any of them, for any claims, damages, and other judicial relief sought in the operative pleadings in the Underlying Action;

**On the Third Claim for Relief**:

3.   An award of money damages in the form of reimbursement for fees and expenses made by EMC in the defense of claims in the Underlying Action for which no potential coverage existed;

**On All Claims for Relief:**

4.  For costs of suit incurred herein;

5.  For interest at the legal rate on the amounts expended by EMC in defending the Underlying Action;

6.  For all necessary and reasonable attorney's fees; and

7.  For such other and further relief as this Court deems just and proper.

Dated this 29th day of September, 2010.

Respectfully submitted,

_____

Graham M. Smith, Esq.
Bar roll no. 6-3718
EVANS & CO.
823 E. 4th Avenue
Durango, CO 81310
(970) 375-9300
Fax: (504) 522-1401
Attorneys for Plaintiff
Employers Mutual Casualty Company